**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CORNELIUS JACKSON,** ) | |
| PLAINTIFF, ) | |
| V. ) | 2:02-CV-2327-LSC |
| ) | |
| **KENNETH D. CLARK, et. al.,** | |
| ) | |
| DEFENDANTS. | |
| ) | |

**MEMORANDUM OF DECISION**

A jury trial was conducted on June 1, 2005. On June 2, 2005, the jury completed special interrogatories reflecting a verdict in favor of plaintiff in the amount of $5,000 compensatory damages and $145,000 punitive damages. The parties were given an opportunity to submit briefs discussing whether the court should enter judgment to reflect the jury's verdict or alter the verdict in some fashion before entering judgment. On June 14, 2005, defendants submitted a brief requesting that the jury's verdict be reduced, or in the alternative, a judgment as a matter of law, or in the alternative, a new trial.[1] Also on June 14, 2005, plaintiff submitted a short brief requesting that the court promptly enter judgment to reflect

---

[1] Defendants' motion for judgment as a matter of law or in the alternative a new trial will be addressed in a subsequent order.

the jury's verdict.

The Supreme Court has instructed this court to consider three guideposts when reviewing a jury's award of punitive damages: (1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damage award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). In the instant case, the court has significant concerns that the jury's verdict comports with the *BMW* guideposts.

While the Supreme Court has been reluctant to "identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award," the Court has recognized that, "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 424-25 (2003). Citing a long history of providing sanctions of double, treble, or quadruple damages to deter and punish, the Court stated in *Campbell:*

> While these ratios are not binding, they are instructive. They demonstrate what should be obvious: Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios of 500 to 1

> [as in *Gore* ], or in this case, of 145 to 1.
> Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where a particularly egregious act has resulted in only a small amount of economic damages.  *The converse is also true, however.  Where compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee.*  The precise award in any case, of course, must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff.  In sum, courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered.

*Id.* (quotation marks and citations omitted); *see also Bogle v. McClure*, 332 F.3d 1347, 1361-62 (11th Cir. 2003).

Considering the evidence presented at trial, the jury's decision to award plaintiff $5,000 in compensatory damages is substantial compensation.  The jury concluded that plaintiff did not suffer any emotional injury, and plaintiff's physical injuries were minimal; therefore, the court cannot allow the punitive damage award to remain at a twenty-nine to one ratio.  *See generally Johansen v. Combustion Eng'g Inc.*, 170 F.3d 1320, 1331 (11th Cir. 1999) ("a court has a mandatory duty to correct an unconstitutionally excessive verdict so that it conforms to the requirements of the due process clause").  Therefore, in light of the evidence presented at trial and the applicable case law, the court must correct the jury's verdict to $5,000 compensatory damages and $10,000 in punitive damages, yielding

a total judgment of $15,000.

Separate final judgment will be entered this day.

Done this 23rd day of June 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE